This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 33,042**

**ERNEST V. MOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Defendant has raised two issues. First, Defendant challenges the denial of his motion to suppress, based on the arresting officer's alleged failure to comply with the SLD regulation requiring him to ascertain that Defendant had nothing to eat, drink, or smoke for at least twenty minutes prior to collection of the first breath sample. *See* 7.33.2.15(B)(2) NMAC. [DS 2; MIO 6-7] As previously set forth in the notice of proposed summary disposition, the State presented evidence that the officer performed a cursory check of Defendant's mouth at the scene, observing Defendant closely and looking in his mouth while he was speaking, to determine that Defendant had nothing in his mouth. [MIO 2] Thereafter Defendant was handcuffed behind his back and placed in a patrol vehicle where he had no access to anything he might place in his mouth. [RP 102-03; MIO 4] The breath-alcohol test took place thirty-two minutes after the arrest. [RP 102-03; MIO 4] We conclude that this was sufficient to support the district court's discretionary, factual determination that the officer complied with the SLD regulation. *See State v. Willie*, 2009-NMSC-037, ¶¶ 12, 16, 146 N.M. 481, 212 P.3d 369 (holding that the ultimate question whether the SLD regulation has been

satisfied "is a factual determination to be made by the [district] court" in its discretion). Contrary to Defendant's suggestion, [MIO 2, 3] the fact that the officer did not "ask or check" is not a fatal deficiency. *See id.* ¶ 11 (rejecting such a requirement). And while Defendant may have presented conflicting evidence, specifically claiming to have had gum in his mouth, [DS 4; MIO 5] the district court was not required to credit that testimony. *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("The fact finder may reject defendant's version of the incident."). We therefore reject Defendant's first assertion of error.

{3}     Second, Defendant continues to challenge the sufficiency of the evidence to support his conviction for DWI. [MIO 7-8] As described at greater length in the notice of proposed summary disposition, the State presented evidence that the officer observed a variety of indicia of intoxication, Defendant failed to satisfactorily perform the field sobriety tests, and Defendant's breath-alcohol tests registered 0.11 and 0.11. [DS 2-3] Finally, Defendant admitted that he had consumed alcohol prior to driving. [DS 4] This evidence was clearly sufficient to support the conviction. *See, e.g.*, *State v. Duarte*, 2007-NMCA-012, ¶¶ 2, 11, 140 N.M. 930, 149 P.3d 1027 (holding in a DWI case that the evidence of guilt was strong, based upon odor of alcohol, bloodshot watery eyes, admission to drinking, unsatisfactory field sobriety test performance, and

BAC test results of 0.13). In his memorandum in opposition Defendant urges this Court to re-weigh the credibility of the witnesses. [MIO 8] This we cannot do. *See generally State v. Nevarez*, 2010-NMCA-049, ¶ 9, 148 N.M. 820, 242 P.3d 387 ("[T]his Court will not re-weigh the credibility of the witnesses at trial or substitute its determination of the facts for that of the jury as long as there is sufficient evidence to support the verdict."). We therefore reject Defendant's second assertion of error.

{4}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}    **IT IS SO ORDERED.**


_____

**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**MICHAEL E. VIGIL, Judge**